BEFORE THE FIRST DIVISION, NOVEMBER 9, 1954

**No. 58493.**—James Loudon & Co., Inc. *v.* United States, petition 6952–R (Los Angeles).

MOLLISON, Judge: This is a petition filed under the provisions of section 489 of the Tariff Act of 1930 for the remission of additional duties accruing by reason of undervaluation on entry of certain wire rods.

From the record, it clearly appears that the undervaluation was technical and not intentional. It appears that the petitioner is a customs brokerage firm which handled the entry of the merchandise for the account of the ultimate consignee.

Entry was made on the basis of the purchase price stated in dollars on the consular invoice. In the appropriate column on the same invoice, the home market value in French francs was clearly stated. Although the duties applicable to wire rods under paragraph 315 of the act are specific duties, they are graduated on a rising scale within certain value ranges.

Thus, the entered value of the wire rods was slightly over 2½ cents per pound, placing them within the provision for wire rods, valued at over 2½ cents but not over 4 cents per pound, and calling for duty at the rate of 0.15 cent per pound under paragraph 315 of the Tariff Act of 1930, as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, reported in T. D. 52373, supplemented by Presidential proclamation, T. D. 52462.

The merchandise was appraised on the basis of the French franc price stated in the consular invoice as the home market value, which resulted in a slightly higher value per pound for the wire rods, but still kept it within the value bracket of 2½ to 4 cents per pound. There was, therefore, no increase in regular duties called for by reason of the undervaluation.

Section 489, however, provided that additional duties should attach "if the final appraised value of any article of imported merchandise which is subject to an ad valorem rate of duty *or to a duty based upon or regulated in any manner by the value thereof*" [italics supplied] should exceed the entered value.

Because of the fact that the merchandise was specific duty merchandise, the customs broker handling the entry mistakenly believed that the slightly higher home market specified in the invoice was unimportant and irrelevant, as no increased duty could be called for based upon value of the merchandise. He thereby overlooked the fact that the duty on the wire rods in issue was, in fact, "based upon or regulated * * * by the value thereof."

We are satisfied that the record shows that the undervaluation on entry was not intentional but was caused by an oversight. We, therefore, find that entry at less value than that returned upon appraisement was made without intention to defraud the revenue of the United States, to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

Judgment will therefore issue granting the petition accordingly.